MARIA L. DALY, Respondent, *v.* JOHN S. WISE, Appellant.

Where a lease of the whole of an unfurnished dwelling for a definite term contains no covenant on the part of the lessor that the premises are in good condition, or that he will put or keep them so, a covenant may not be implied that the dwelling is without inherent defects, rendering it unfit for a residence.

*It seems,* however, where the lessor, knowing at the time of the execution of the lease of the existence of secret defects or conditions rendering the building unfit for a residence, fraudulently represents to the lessee that they do not exist, or fraudulently conceals their existence, if the lessee abandons the house because thereof, he will not be liable for rent subsequently accruing.

*It seems,* also, that in case a party for the purpose of inducing another to contract with him, states that a material fact does or does not exist, without having knowledge of the truth of the statement and without having reasonable grounds for believing it to be true, he is liable in fraud, if the statement is relied on and is subsequently found to be false, although he had no actual knowledge of its untruth.

A lessee occupying under such a lease abandoned the premises because of their unsanitary condition, resulting from defective plumbing. In an action to recover rent thereafter accruing, the defendant testified that plaintiff's agent represented that the plumbing was all in good condition; that it had been fixed as they thought it ought to be. It was not shown that plaintiff or the agent knew this statement to be false, or that it was made without actual or supposed knowledge, or that it was made in bad faith, or that the plumbing had not been fixed as stated. *Held,* that a verdict in defendant's favor was justified.

(Argued March 9, 1892; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made November 13, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court, and also affirmed an order denying a motion for a new trial.

September 27, 1888, the litigants entered into a written lease by which the plaintiff let to the defendant an unfurnished dwelling, known as 334 West Fifty-eighth street, in the city

of New York, for one year from October 15, 1888, for $1,800, payable $150 October 15, 1888, and a like sum on the fifteenth day of each succeeding month.  The lease contained no covenant in respect to the then condition of the house, nor that the lessor should put or keep it in repair.  November 15, 1888, the defendant began to occupy the premises, paid the rent for four months, until January 15, 1889, and continued in occupation until February 2, 1889, when he abandoned them because of their unsanitary condition arising from defective plumbing.  February 4, 1890, this action was begun to recover the sums due by the terms of the lease on the 15th days of February, March, April and May, 1889 — six hundred dollars in all — with interest.  The defendant answered that he was induced to enter into the lease by the oral representation of the plaintiff's agent: "That the building on said premises was properly constructed and in thorough repair, the more especially in the matter of plumbing and sanitary arrangements, and that this defendant signed said lease, relying upon the faith of said representation so made as aforesaid." It was also alleged : "That when defendant entered into possession of said premises it was discovered that said representations were untrue, and that said premises were unfit for the purposes of a residence, in that there existed hidden defects in the plumbing and construction of the sewer and other pipes, and the sanitarian arrangements in the buildings thereon. That such defects were concealed from view and were not discovered until the effect thereof became apparent in the health of the defendant's family.  That by reason of said defects the said building became charged with sewer gas and other foul and poisonous odors, thereby causing the defendant, his wife, children and servants to become sick and in great danger of death, and they so continued sick and in danger until the defendant was evicted from said premises, as hereinafter set out."

At the close of the evidence neither party asked to have any question of fact submitted to the jury, but each moved that a verdict be directed in his or her favor.  The defendant's

motion was refused and he excepted, but the plaintiff's motion was granted and the defendant again excepted. No other exceptions are contained in the record, and the only questions reviewable in this court are those presented by the two exceptions mentioned. A judgment was entered on the verdict for the plaintiff, which was affirmed at General Term. No opinion was written, but the case was decided upon the opinion of the same court (15 Daly, 431), in another action arising over the same lease.

*John S. Wise* for appellant. The false representation by the plaintiff's agent that the plumbing was in good repair was fraudulent. (*Smith* v. *Marrable,* 11 M. & W. 5; *Rhinelander* v. *Seaman,* 13 Abb. [N. C.] 455; *Wallace* v. *Lent,* 1 Daly, 481; *Hawkins* v. *Palmer,* 57 N. Y. 664; *Hammond* v. *Pennock,* 61 id. 145; *Jallife* v. *Hite,* 1 Call. 307.) The false representation being upon a material point, vitiated the lease. (McAdam on Landl. & Ten. 120.) Even if the representation of the agent be held not to be fraudulent, and even in the absence of a covenant to repair in the lease, there was a constructive eviction of the defendant. (*Tallman* v. *Murphy,* 120 N. Y. 345; *Thomas* v. *Nelson,* 69 id. 118; *Bradley* v. *DeGorcannia,* 12 Daly, 393; *Lawrence* v. *Burrill,* 17 Abb. [N. C.] 312.)

*Robert Sturges* for respondent. Under the common law, the landlord was not bound, in the absence of an express covenant in the lease, to make repairs. (*McGlashan* v. *Tallmadge,* 37 Barb. 313; *Franklin* v. *Brown,* 118 N. Y. 110; *Witty* v. *Matthews,* 52 id. 512; *Edwards* v. *McLean,* 122 id. 302; *Mayer* v. *Moller,* 1 Hill, 491; *Franklin* v. *Brown,* 118 N. Y. 110.) In the absence of an express covenant, the tenant is without remedy, even if the demised premises are unfit for occupation. It is no defense to an action for the rent that the premises were and continued to be unhealthy, noisome and offensive, and unsuitable for a dwelling. (*McGlashen* v. *Tallmadge,* 37 Barb. 313; *Moffatt* v. *Smith,* 4 N. Y. 126;

*Franklin* v. *Brown*, 118 id. 110; *Edwards* v. *McLean*, 122 id. 302; *Howard* v. *Doolittle*, 3 Duer, 464; *Chadwick* v. *Woodward*, 13 Abb. [N. C.] 441; *Coulson* v. *Whiting*, 12 Daly, 413; *Seffrey* v. *Harteau*, 56 N. Y. 398; *Fowler* v. *Stevens*, 8 J. & S. 479.) The statute (Chap. 345, Laws of 1860) has not affected the common-law rule requiring the tenant to make ordinary repairs. (*Sheary* v. *Adams*, 18 Hun, 181; *Suydam* v. *Jackson*, 54 N. Y. 450; *Coulson* v. *Whiting*, 12 Daly, 408; *Sutphen* v. *Seebas*, 12 id. 139; *Edwards* v. *McLean*, 122 N. Y. 302; *Chadwick* v. *Woodward*, 13 Abb. [N. C.] 441.) There is no proof in this case that the illness complained of in defendant's family was caused by sewer gas or any other definite cause. (*Reeves* v. *Hyde*, 11 N. Y. S. R. 681.) The defendant cannot claim to be relieved from payment of rent under the covenant of quiet enjoyment. (McAdam on Landl. & Ten. [2d ed.] 481; *Edgerton* v. *Page*, 20 N. Y. 281; *Howard* v. *Doolittle*, 3 Duer, 464.) The responsibility of making an examination as to the existence of defects in the premises, and of providing against their ill effects, must rest upon the person who intends hiring before the execution of the lease. (*Franklin* v. *Brown*, 118 N. Y. 110.)

FOLLETT, Ch. J. In case neither party requests to have any question of fact submitted to the jury, but each asks that a verdict be directed in his favor, the court is authorized to determine the fact in issue, and upon appeal the disputed facts are deemed to have been determined in favor of the party for whom the verdict is directed. (*Kirtz* v. *Peck*, 113 N. Y. 222; *Dillon* v. *Cockcroft*, 90 id. 649; *Provost* v. *McEnroe*, 102 id. 650.) This case must be determined upon the theory that all the disputed facts have been found in favor of the plaintiff.

In case the whole of an unfurnished dwelling is leased for a definite term, under a single contract which contains no covenant that the premises are in good repair, or that the lessor will put or keep them so, the law does not imply a covenant

on the part of the lessor that the dwelling is without inherent defects rendering it unfit for a residence. (*Franklin* v. *Brown*, 118 N. Y. 110.) In *Smith* v. *Marrable* (11 M. & W. 5) a contrary rule was laid down by Baron Parke. That case arose out of a contract to let a furnished dwelling for six weeks at eights guineas per week. The tenant moved in, but found the house so infested with bugs that it was uninhabitable, and at the end of the first week, left, paying the rent for that week. In an action brought to recover rent, it was held in the opinion delivered by Baron Parke, concurred in by Barons Alderson and Gurney : "That if the demised premises are encumbered with a nuisance of so serious a nature that no person can reasonably be expected to live in them, the tenant is at liberty to throw them up. This is not the case of a contract on the part of the landlord that the premises were free from this nuisance ; it rather rests in an implied condition of law, that he undertakes to let them in a habitable state."

Chief Baron Abinger concurred upon the ground that: " A man who lets a ready furnished house surely does so under the implied condition or obligation, call it which you will, that the house is in a fit state to be inhabited." . The opinion of Baron Parke was rested on the authority of *Edwards* v. *Etherington* (Ry. & M. 268); *S. C.* (7 D. & R. 117) and *Collins* v. *Barrow* (1 M. & Rob. 112), both of which cases together with *Salisbury* v. *Marshal* (4 C. & P. 65) were expressly overruled by *Hart* v. *Windsor* (12 M. & W. 68), in which Parke said : " We are under no necessity of deciding in the present case, whether that of *Smith* v. *Marrable* be law or not. It is distinguishable from the present case on the ground on which it was put by Lord Abinger, both on the argument of the case itself, but more fully in that of *Sutton* v. *Temple* (12 M. & W. 52), for it was the case of a demise of a ready furnished house for a temporary residence at a watering place. It was not a lease of real estate merely. But that case certainly cannot be supported on the ground on which I rested my judgment."

*Smith* v. *Marrable* was decided at Hilary Term, 1843, and

*Hart* v. *Windsor* and *Sutton* v. *Temple*, at Michaelmas Term of the same year. The rule laid down in *Smith* v. *Marrable* by ABINGER, B., as applicable to furnished houses, has been followed in *Campbell* v. *Lord Wenlock* (4 F. & F. 716) and *Wilson* v. *Hatton* (L. R. [2 Exch. Div.] 336), but the rule as stated by PARKE, B., has not been followed in England or in this state. (*Franklin* v. *Brown*, 118 N. Y. 110.) The defendant cannot escape liability for rent on the ground that the law implied a covenant that the dwelling was fit for habitation.

Is the evidence contained in the record sufficient to have required the trial court to have held, as a matter of law, that the plaintiff fraudulently represented that the dwelling and its fixtures were in good condition, or that she fraudulently concealed from the plaintiff the fact that it was in an unsanitary condition?

In case the owner of a dwelling knows that it has secret defects and conditions rendering it unfit for a residence, and fraudulently represents to one who becomes a tenant that the defects and conditions do not exist, or if he fraudulently conceals their existence from him, the lessee, if he abandons the house for such cause, will not be liable for subsequently accruing rent. (*Wallace* v. *Lent*, 1 Daly, 481; *Jackson* v. *Odell*, 12 id. 345; *Rheinlander* v. *Seaman*, 13 Abb. [N. C.] 455; *Cesar* v. *Karutz*, 60 N. Y. 229.) In the case at bar the defendant testified, and in this he was not contradicted, that when he first went to the house with the plaintiff's agent he said: "I complained to him (the agent) at the time, that I thought some of the plumbing looked old. He said that Mrs. Daly was very stiff, determined not to put in any new, that it was all in good condition, that they had fixed it as they thought it ought to be." This is the only representation which was made by the plaintiff, or her agent in respect to the sanitary condition of the dwelling. It was not shown that the plaintiff or her agent knew that the representations were false, or that the plumbing was out of order, and fraudulently concealed the fact. This takes the case out of the rule above referred to in respect to the owner's liability in case he fraudulently misrep-

resents the condition of the dwelling or knowing that it is in bad condition fraudulently conceals the fact from the person who becomes the lessee.

Is the defendant liable for having stated that a material fact existed which did not exist, *i. e.*, that the plumbing was in good order, upon the theory that she was bound to know whether or not the statement was true.

In case a party, for the purpose of inducing another to contract with him states, on his personal knowledge, that a material fact does or does not exist, without having knowledge whether the statement is true or false, and without having reasonable grounds to believe it to be true, is liable in fraud, if the statement is relied on and is subsequently found to be false, although he had no actual knowledge of the untruth of the statement. (*Bennett* v. *Judson*, 21 N. Y. 238 ; *Marsh* v. *Falker*, 40 id. 562 ; *Oberlander* v. *Spiess*, 45 id. 175 ; *Wakeman* v. *Dalley*, 51 id. 27 ; 2 Pom. Eq. Juris. §§ 887, 888 ; Story's Eq. Juris. § 193.)

It does not appear that the plumbing had not been fixed as stated, nor that the statement that "it was all in good condition," was made without actual or supposed knowledge of its condition, nor that it was made in bad faith, and we think the case does not fall within the principle of the authorities last cited.

The defendant cannot escape liability on the ground that the statement of the agent amounted to a warranty because it is not so pleaded in the answer.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.