(13 Misc. Rep. 145.)

### MYERS v. ROSENBACK.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. DECEIT—FALSE REPRESENTATIONS.
   A representation by the lessor of a building to be used for manufacturing that it is strong enough to sustain an engine means that it will sustain the engine while in operation.

2. SAME—IGNORANCE OF FACT.
   One who makes representations as to a matter of which he has no knowledge, for the purpose of inducing another to contract with him, is liable for the fraud where such representations prove to be untrue.

3. APPEAL—HARMLESS ERROR.
   Error in the admission of evidence offered in support of certain items of a counterclaim is harmless where the jury rejects the whole counterclaim.

Appeal from city court, general term.

Action by Frederick S. Myers against Moses S. Rosenback. From a judgment of the city court (31 N. Y. Supp. 993) affirming a judgment entered on a verdict in favor of defendant, plaintiff appeals. Affirmed.

The action was to recover $116.66 rent for the month of June, 1892, under a lease of premises 205 and 207 East Ninety-Ninth street, in this city, made December 23, 1891, for a term of four years and one month from January 1, 1892, at the yearly rent of $1,400, payable in equal monthly payments on the 1st of each month, in advance. The defendant vacated the premises about June 6, 1892, without paying the rent accruing on the 1st day of that month. The defense was misrepresentations of plaintiff, inducing the making of the lease, with a counterclaim for damages. The verdict was for defendant, without damages.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Hamilton R. Squier, for appellant.
Horwitz & Hershfield (Otto Horwitz, of counsel), for respondent.

DALY, C. J. The defense was, in effect, that the lessor represented that the building which was to be demised was strong enough to support a gas engine of sufficient power for the lessee's business of corset manufacture, for which he required power generated by steam or otherwise; that the lessor recommended a certain engine, which was put in by the lessee, but the vibration caused by it rendered the building unsafe, and prevented the lessee from carrying on his business; that upon the lessee's suggestion the machine was removed to different places in the building, with a view to lessen

the vibration, but, all efforts to overcome it being ineffectual, the lessee was forced to abandon the premises. The verdict for defendant, the lessee, under the charge of the court, establishes the facts essential to the defense: That before the lease was made the defendant stated to the plaintiff the nature of his business, and the machinery required therein, and that the plaintiff told him the building was proper for the purpose; that plaintiff recommended the use of a particular gas engine, which was put in, but as soon as it was put to work the building shook so that the tenant's business had to come to a standstill, and that the representations were made with intent that the lessee should rely upon them, and that he did so; and that the building was unfit to carry the machinery necessary for plaintiff's business. The lessor denied the making of the representations, but upon the issue of fact the jury has found for the defendant. It remains to consider the questions raised by the exceptions upon which the plaintiff presents this appeal.

It is urged at the outset that a representation that the building was strong enough to sustain the engine does not imply that it would support the engine when put in operation, and that, as there was no representation that the building would not vibrate under such circumstances, no false representation is proved. It hardly seems necessary to argue this question. The engine was to be put in the building to be used, and a representation that the building would sustain it clearly meant that it would sustain it while in operation; and, as such operation necessarily tended to cause vibration, the representation necessarily referred to that effect. If there were any question as to the plaintiff's knowledge of the effect of the operation of the engine, it could have been submitted to the jury, but no request therefor was made. The question whether the vibration was caused by defects in the construction of the machine, or in the methods of its operation, was left to the jury, and their verdict establishes that the vibration was due to the insufficiency of the building.

It is also contended that the tenant had full opportunity to examine the premises before the lease was made, and did examine them; also that the lessor's representation as to the strength of the building was a mere expression of opinion, no engine having been theretofore operated in the upper floors of the building (the part let to defendant), and so he could not know whether there would be vibration or not. As there was no engine in the premises when the lessee examined them for the purpose of hiring, he had no opportunity to ascertain beforehand the truth or falsity of the representation of the lessor. As to the legal responsibility of the latter for an affirmative representation as to a matter which he did not and could not know to be true, the rule is well settled:

"In case a party, for the purpose of inducing another to contract with him, states, on his personal knowledge, that a material fact does or does not exist, without having knowledge whether the statement is true or false, and without having reasonable ground to believe it to be true, he is liable in fraud, if the statement is relied on, and is subsequently found to be false, although he had no actual knowledge of the untruth of the statement." Daly v. Wise, 132 N.

Y. 312, 30 N. E. 837, citing Bennett v. Judson, 21 N. Y. 238; Marsh v. Falker, 40 N. Y. 562; Oberlander v. Speiss, 45 N. Y. 175; Wakeman v. Dalley, 51 N. Y. 27; 2 Pom. Eq. Jur. §§ 887, 888; Story, Eq. Jur. § 193.

But it is alleged that, after the discovery that the building was not what it was represented to be, the lessee continued in possession, and failed to promptly exercise his right to rescind for the fraud. The lessee was in possession five months, but during the whole of that time, at the instance of the lessor, was engaged in making experiments with the engine, in the hope of locating it in a position where it could be operated without danger. The evidence warranted the finding that although the lessee, soon after he took possession, became aware that the engine could not be set up in a certain part of the premises without rocking the building, he was induced by the lessor to await the result of certain changes in the location of the engine, and of alterations which the lessor made in the building with a view to strengthen it. The case is therefore brought within the rule which allows the tenant, where fraud has been practiced, a reasonable time after the discovery of the fraud within which to repudiate the contract, and, if he remains in possession under the assurance of the lessor that the cause of the complaint will be removed, his continuance during such period is "not of such a nature as to amount to an adoption of the contract, or to make him liable for the payment of rent for the period which he actually occupied." Wallace v. Lent, 1 Daly, 484.

The obligation of the lessee, under the lease, to keep the premises in repair, did not require him to strengthen them for the use of his engine; and so the notification by the building department imposed no obligation upon him to make any alterations or repairs, nor did it, by itself, justify his abandoning the premises. His right to abandon followed his right to rescind for the original misrepresentations. As this was not a case of technical eviction, the rule that rent accruing before actual eviction is recoverable does not apply.

The exceptions to rulings on evidence do not require reversal. Plaintiff complains of the evidence received under the counterclaim of defendant for damages for the alleged fraudulent misrepresentations. Evidence was properly received as to damage, as the plaintiff, by replying to the counterclaim, in effect, agreed to litigate the issues presented by it, and cannot now object that it was not a proper one (Hammond v. Terry, 3 Lans. 186; Ayres v. O'Farrell, 10 Bosw. 143–147); and error in the admission of evidence of items of damage worked no injury to the plaintiff, since the jury disregarded the whole counterclaim. The instructions given by the court leave no doubt upon this point. Evidence was given as to the condition of the building with respect to being out of plumb, and so forth, in 1890. This was material to show its condition in 1891, when the lease was made, as such condition might be presumed to continue, and it was for the plaintiff to show that it did not. The question put by plaintiff to his expert to show that the building, although out of plumb, was safe, was not within the issues, which involved

only the question as to whether or not the building would support the engine without danger from the vibrations caused by its operation. Evidence of what plaintiff's expert reported to him upon examination of the building after the lease was made was immaterial on the question of plaintiff's scienter, as the issue was upon his intention and knowledge before and at the time that the lease was made, not afterwards. Other exceptions are immaterial, and the judgment and order must be affirmed.

Judgment and order affirmed, with costs. All concur.