STROBEL v. LIEBMANN et al.

(Supreme Court, Appellate Division, Second Department. June 18, 1909.)

Appeal from Trial Term, Kings County.

Action by Tillie Strobel, an infant, by her guardian ad litem, against Fannie Liebmann and others. From a judgment for plaintiff, and from an order denying defendants' motion for a new trial, they appeal. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

G. Glenn Worden, for appellants.

Peter Klein, for respondent.

PER CURIAM. Affirmed, with costs.

WOODWARD, J. I cannot concur in the affirmance of this judgment. The evidence shows that the plaintiff entered an inclosure surrounding a cellarway to the tenement house where she resided with her parents, and that she got down on her hands and knees to peer into the opening to the cellar, and that while so situated the door or covering of the opening fell and produced the injuries from which she suffers. The negligence alleged is that when this covering was opened it did not lean back against the house, but stood nearly perpendicular, so that slight jar would be likely to throw it down. The primary purpose of the covering was to keep the cellarway closed, so that it should not be dangerous. It was only when open, if at all, that the covering presented any element of danger, and there is nothing in the evidence here to show that the landlord had any notice of the alleged defect, or that there had ever been any suggestion on the part of any one that the covering, when open, was dangerous—that it was likely to fall in such a way as to injure any one.

The question is, would any reasonable-minded man, seeing this covering open, and assuming it to have been standing in the manner that it is claimed it did stand, nearly perpendicular, have anticipated this accident, or any other similar accident? Suppose the landlord had actually seen it standing there. Was he bound, in the exercise of reasonable care, to have anticipated that it would fall, or that, if it fell, it would produce any damage? It was not designed to be kept open. It would probably be open only for short periods, and, if it fell, it would not, in the range of reasonable probabilities, do any harm. A door of a house, designed for closing out the elements, might be forced shut by a sudden draft of wind, and if a child happened at the time to have its fingers in the right place it might jam them; but no one would think of charging a landlord with negligence because he had not anticipated such an accident and guarded against it by providing a fastening which would prevent it, and I am unable to discover any higher probability of the one accident than the other in anything which the evidence here discloses.

I think this case comes within the reasoning and principle of Smith v. Donnelly, 93 App. Div. 569, 87 N. Y. Supp. 893, and that the judgment and order appealed from should be reversed.