TABER v. VAN PELT.

(Supreme Court, Appellate Term, Second Department. March, 1914.)

1. LANDLORD AND TENANT (§ 125*)—LEASED PREMISES—SUITABLENESS.

As between a landlord and tenant of a farm dwelling, where there was no fraud, false representation, or deceit, or an express warranty or covenant to repair, there was no implied warranty that the demised premises were fit for occupation, or for the particular use to which the tenant intended to put them, or that they were in a safe condition for use; but the tenant took at his peril.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 441–443; Dec. Dig. § 125.*]

2. LANDLORD AND TENANT (§ 172*)—"EVICTION."

As between a landlord and tenant, an "eviction," whether actual or constructive, must be due to some wrongful act on the part of the landlord, whereby the tenant is deprived of the beneficial enjoyment of the leased premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*

For other definitions, see Words and Phrases, First and Second Series, Eviction.]

Appeal from Municipal Court of New York.

Action by Genevieve Taber against M. Evelyn Van Pelt. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued March term, 1914, before MADDOX, BLACKMAR, and KELBY, JJ.

William Van Wyck, of New York City, for appellant.
Charles S. Taber, of Brooklyn, for respondent.

PER CURIAM. [1] There is no evidence that at the time of the leasing of the house in question, a farm dwelling, it was not habitable, and no claim is made that the demise was induced by any representa-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion of or concealment by the lessor as to its tenantable character, nor is there any evidence of an expressed covenant by the lessor that the premises were suitable and fit for dwelling purposes. "It is uniformly held in this state that the lessee of real property must run the risk of its condition, unless he has an express agreement upon the part of the lessor covering that subject. The tenant hires at his peril, and a rule similar to that of caveat emptor applies, and throws on the lessee the responsibility of examining as to the existence of defects in the premises and of providing against their ill effects. Franklin v. Brown, 118 N. Y. 110, 115, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744. The same case cites, apparently with approval, O'Brien v. Capwell, 59 Barb. 497, 504, to the effect that as between landlord and tenant, * * * where there is no fraud, or false representations, or deceit. and in the absence of an express warranty or covenant to repair, that there is no implied covenant that the demised premises are suitable or fit for occupation, or for the particular use which the tenant intends to make of them, or that they are in a safe condition for use." Prahar v. Tousey, 93 App. Div. 507, 509, 87 N. Y. Supp. 845. See, also, Castagnette v. Nicchia, 76 App. Div. 371, 372, 78 N. Y. Supp. 498; Daly v. Wise, 132 N. Y. 306, 30 N. E. 837, 16 L. R. A. 236; Jaffe v. Harteau, 56 N. Y. 398, 15 Am. Rep. 438; Steefel v. Rothschild, 179 N. Y. 273, 277, 72 N. E. 112, 1 Ann. Cas. 676.

[2] The condition complained of in this case was not shown to have been due to any act of commission or matter of omission on the part of the lessor, or that it was due to her negligence, or that the situation was under her control. It will be noticed that by the terms of the lease she retained no part, nor any control of any part, of the demised premises. As between a landlord and a tenant, an eviction, whether actual or constructive, must be due to some act of commission or omission; in other words, due to some wrong or fault on the part of the landlord, whereby the tenant is deprived of the beneficial enjoyment of the premises leased. The facts in this case are different from those in Streep v. Simpson, 80 Misc. Rep. 666, 141 N. Y. Supp. 863, and like cases, where the hirings or leasings were of rooms or apartments forming part of the tenements or apartment houses, since here, as said above, the whole of the dwelling was leased to, and was under the sole supervision and control of, the lessee.

Judgment affirmed, with costs.