The People of the State of New York ex rel. The
Broadway Improvement Company, Appellant, *v.* Edward
P. Barker et al., as Commissioners of Taxes and Assess-
ments of the City and County of New York, Respondents.

1. Certiorari to Review Assessment — Appeal — Unanimous
Decision. When the Appellate Division has unanimously affirmed an
order dismissing, upon the merits, a writ of certiorari to review an assess-
ment; the Court of Appeals has no jurisdiction to review the facts which
are alleged to show the existence of the grounds of the writ.

2. New York City — Review of Assessment on Ground of Ine-
quality — Question not Presented on Appeal. The question of the
effect and constitutionality of the provision of the New York city Con-
solidation Act (§ 821, amd. L. 1885, ch. 311) which in terms limits the
review of a tax assessment upon certiorari to illegality and overvaluation,
as affecting the power to review inequality, is not presented to the
Court of Appeals, on appeal from an order affirming an order dismissing,
on the merits, a writ sued out on the grounds of overvalution and ine-
quality, when it does not appear on the face of either of the orders that
the court below refused to consider the question of inequality.

3. Opinions of Court Below. The Court of Appeals cannot examine
the opinions of the court below to ascertain the grounds of its decision.

*People ex rel. Bdway. Improvement Co.* v. *Barker*, 21 App. Div. 639,
appeal dismissed.

(Argued March 1, 1898; decided March 15, 1898.)

Appeal from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
October 29, 1897, affirming an order of Special Term dismiss-
ing a writ of certiorari on the merits.

The facts, so far as material, are stated in the opinion.

*George H. Yeaman* and *George C. Kobbé* for appellant.
The assessment of the relator's real estate, known as Nos. 50
and 52 East Fourteenth street, is unequal, in that the assess-
ments have been made at a higher proportionate valuation
than the assessment of other property on the same roll by the
same officers. (L. 1896, ch. 908; *People ex rel.* v. *Barker*, 81
Hun, 22; *People ex rel.* v. *Tax Comrs.*, 144 N. Y. 483;
*U. S. T. Co.* v. *Mayor, etc.*, 144 N. Y. 488; L. 1894, ch.

448; 109 N. Y. 581; 139 N. Y. 60; 141 N. Y. 255; *People ex rel.* v. *Coleman*, 107 N. Y. 541.) Neither the order of Special Term nor the affirmance by the Appellate Division was a finding of fact. The constitutional provision touching the result of a unanimous affirmance on the facts has no application. In such a proceeding it is always open for each court through which the case passes to decide whether the original action of the assessors was right. (*People ex rel.* v. *Barker*, 152 N. Y. 417.)

*James M. Ward* for respondents. When this assessment was laid, and this proceeding begun, where the commissioners had jurisdiction to assess, the remedy by certiorari under chapter 269 of the Laws of 1880, as limited in scope by the provisions of the Consolidation Act, was exclusive. (*U. S. T. Co.* v. *Mayor, etc.*, 144 N. Y. 488; L. 1880, ch. 269, § 1; L. 1882, ch. 410, § 821; L. 1885, ch. 311; *People ex rel.* v. *Coleman*, 51 Hun, 640; *People ex rel.* v. *Barker*, 14 App. Div. 412; *People ex rel.* v. *Barker*, 22 App. Div. 161.) In the county of New York, while the provisions of the Consolidation Act were in force, the jurisdiction of the courts, where it was sought to review an assessment against real property, was limited to proof that the property had been assessed at a sum in excess of the sum for which under ordinary circumstances it would sell. (L. 1882, ch. 410, §§ 813, 814, 817; 14 Misc. Rep. 360.) No writ of certiorari can be sustained unless the petition recites that a claim of exemption upon valid exceptions to the assessment was made at the proper time before the tax commissioners, and that such claim was rejected. (*Barhyte* v. *Shepherd,* 35 N. Y. 250; *People ex rel.* v. *Tax Comrs.*, 99 N. Y. 257; L. 1882, ch. 410, §§ 819, 820.) The writ in this proceeding was properly quashed. (*People ex rel.* v. *Badgley*, 138 N. Y. 314; *People ex rel.* v. *Carter*, 109 N. Y. 576.)

BARTLETT, J. The relator is the owner of property located at the southwest corner of Broadway and Fourteenth street, in the city of New York.

The commissioners of taxes assessed this property for the year 1896 on a valuation of $450,000.

The relator, after the commissioners had refused to reduce the valuation on evidence taken before them, sued out a writ of certiorari to review and correct the assessment on the grounds of overvaluation and inequality.

The Special Term dismissed the writ upon the merits, and the Appellate Division unanimously affirmed this order.

We have no jurisdiction to review the facts which are alleged to show overvaluation and inequality.

This court held quite recently in the case of *People ex rel. Manhattan Railway Co.* v. *Barker* (152 N. Y. 417) that the provision of the Constitution (Art. 6, § 9) that " no unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting or tending to sustain a finding of fact  *  *  *  shall be reviewed by the Court of Appeals," applies to special proceedings as well as to actions, and to implied findings as well as to those written out *in extenso.*

It is urged on behalf of the relator that the Special Term refused to consider the question of inequality for the reason it had no jurisdiction to do so, and that this leads to the consideration of the effect and constitutionality of section 821 of the New York City Consolidation Act, which, by its terms, limits review upon certiorari to illegality and overvaluation.

This question is not presented, as it does not appear either in the order of the Special Term or of the Appellate Division that the court refused to consider the question of inequality; the dismissal of the writ is general and upon the merits. It is true the opinion of the Special Term discloses this point, but we are not permitted to examine it to ascertain the grounds of the decision, but are confined to the face of the orders.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.