Evelina A. Meserole, Appellant, *v.* Anna Isabel Hoyt, as Administratrix of Walter L. Sinn, Deceased, Respondent.

1. Appeal — Court of Appeals Prohibited from Reviewing Question Whether there is any Evidence. The provision of the Constitution (Art. 6, § 9) prohibiting the review of a unanimous decision of the Appellate Division that there is evidence supporting or tending to sustain a verdict not directed by the court has the effect of withdrawing from the jurisdiction of the Court of Appeals, in case of such unanimous decision, the question of law whether there is any evidence tending to prove a fact.

2. Landlord and Tenant — Premises Rendered Untenantable — Application of Statute. When, in an action for rent, the question whether the leased premises became untenantable, without the neglect of the tenant, through "the elements or any other cause," *so as to render* applicable the statute (L. 1860, ch. 345) relieving the tenant from liability for rent, depends upon an inquiry of fact, it is conclusively determined in favor of the tenant by an undirected verdict for him and a unanimous affirmance of the judgment by the Appellate Division.

*Meserole* v. *Sinn*, 34 App. Div. 33, affirmed.

(Submitted October 25, 1899; decided November 21, 1899.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 2, 1898; upon an order affirming a judgment in favor of defendant entered upon a verdict, and an order denying a motion for a new trial.

This action was brought against William E. Sinn, as executor of Walter L. Sinn, deceased, but the executor died while the appeal to the Court of Appeals was pending, and the present defendant and respondent was substituted in his place.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred V. Meserole* and *M. Fennelly* for appellant. The statute contemplates a cause arising subsequent to the signing of the lease. (*Franklin* v. *Brown*, 118 N. Y. 110; *Daly* v. *Wise*, 132 N. Y. 306.) The statute contemplates an injury to the building itself. (L. 1860, ch. 345; *Hallett* v. *Wylie*,

3 Johns. 44; *Suydam* v. *Jackson*, 54 N. Y. 450; *Tallman* v. *Murphy*, 120 N. Y. 345; McAdam on Landlord & Ten. 478, 479; *Dexter* v. *King*, 28 N. Y. S. R. 750; *Edwards* v. *McLean*, 122 N. Y. 302.)

*James & Thomas H. Troy* for respondent. It is respectfully submitted that "the unanimous decision of the Appellate Division of the Supreme Court, that the verdict is supported by the evidence, cannot be reviewed." (Code Civ. Pro. § 191, subd. 4.) The defendant is clearly entitled to the relief and protection afforded by the statute. (*Tallman* v. *Murphy*, 120 N. Y. 346; *Lathers* v. *Choutes*, 41 N. Y. Supp. 373; *Vann* v. *Rouse*, 94 N. Y. 401; *Fallman* v. *Earle*, 3 Misc. Rep. 76; *Thallheimer* v. *Lampiert*, 1 N. Y. Supp. 470; *Sully* v. *Schmitt*, 147 N. Y. 248; *N. Y. R. E. Imp. Co.* v. *Motley*, 3 Misc. Rep. 232; 143 N. Y. 156.)

O'BRIEN, J. The plaintiff brought this action to recover rent alleged to be due on a lease executed by her to one Walter L. Sinn, as tenant of a dwelling house in Brooklyn, for the term of eighteen months from November 1st, 1894. The lease was in writing, under seal, and the tenant died before the commencement of the action. The tenant, after twelve months' actual occupation of the house, abandoned it, refusing to pay any rent for the remainder of the term.

The defense was, as appears from the pleadings and proofs given at the trial, that the house became untenantable and unfit to live in, and hence that there was a constructive eviction. The proof in support of this defense tended to show that, after heavy rain storms, water entered the cellar through the walls and foundation, to the depth of several inches; that the cellar was always damp, and especially when the house was closed at night; that this condition, following rains or melting snow, produced malaria among the inmates of the house, and that the tenant himself became sick from this cause and died subsequent to his removal from the house. The learned trial judge submitted the evidence in support of

this defense to the jury, instructing them that if the premises became untenantable or unfit for occupation by the action of the elements, then, under the statute, the tenant had the right to abandon the premises without liability for further rent. The jury rendered a verdict for the defendant, and the judgment entered thereon has been unanimously affirmed at the Appellate Division.

It is quite obvious that the provisions of the Constitution and the statute, which forbid this court to review the unanimous decision below that there was evidence supporting or tending to sustain the verdict, furnish a complete answer to most, if not all, the points urged by the learned counsel for the plaintiff in support of this appeal. The defense presented a question of fact, which was found by the jury in favor of the defendant. The unanimous affirmance of the judgment concludes this court, and we are required to assume in such a case that the evidence was of such a character as to justify the submission of the disputed question to the jury. It is quite true that the question whether there is any evidence tending to prove a fact is one of law, but the convention that framed the Constitution and the people adopting it had, of course, the same power to limit the jurisdiction of this court with respect to questions of law as they had with respect to questions of fact, and the effect of that limitation upon the power of this court to review the unanimous decision below that there was evidence to sustain the verdict is to withdraw a particular question of law which was formerly reviewable here from our jurisdiction. It was the intention of the framers of the Constitution to make the Appellate Division, when unanimous, the court of last resort upon this particular question.

The exceptions taken at the trial and to the charge are, perhaps, sufficient to raise the question whether the statute of 1860 (Laws of 1860, ch. 345), now incorporated into the Real Property Law, has any application to the case. It appears that this statute was the basis of the ruling at the trial and of the charge under which the case was sent to the jury. The statute does not apply to a case where the defect existed when

the lease was made, and no fraud or misrepresentation is shown on the part of the landlord, or when it results from the neglect of the tenant to make ordinary repairs, or from deterioration due to the ordinary use by the tenant. (*Suydam* v. *Jackson*, 54 N. Y. 450; *Franklin* v. *Brown*, 118 N. Y. 110; *Daly* v. *Wise*, 132 N. Y. 306.) But it does apply in a case where it appears that by the action of the elements, or other cause occurring during the demised term, the premises become untenantable, or unfit for occupancy. (*Sully* v. *Schmitt*, 147 N. Y. 248; *Tallman* v. *Murphy*, 120 N. Y. 345; *Vann* v. *Rouse*, 94 N. Y. 401.) The following are the words of the statute: "The lessees or occupants of any building which shall, without any fault or neglect on their part, be destroyed, or be so injured by the elements, or any other cause, as to be untenantable and unfit for occupancy, shall not be liable or bound to pay rent to the lessors or owners thereof, after such destruction or injury, unless otherwise expressly provided by written agreement or covenant, and the lessees or occupants may thereupon quit and surrender possession of the leasehold premises, and of the land so leased or occupied."

There was nothing in the written lease to prevent the operation of the statute, and if the premises became, after the tenant entered, untenantable or unfit for occupancy, he had the right to abandon them without further liability for rent. Whether this condition was produced by "the elements or any other cause," within the meaning of the statute, depended upon an inquiry of fact which must be deemed to be conclusively determined in favor of the defendant by the verdict of the jury, and the unanimous affirmance of the judgment by the court below.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment and order affirmed.