SHERMAN v. LUDIN.

(Supreme Court, Appellate Division, Second Department. January 23, 1903.)

1. LANDLORD AND TENANT—LIABILITY FOR RENT—CONDITION OF PREMISES.
   Where a tenant had occupied rented premises for two years under a letting from month to month, and there was no agreement by the landlord to keep the premises in repair, the unsanitary condition of the premises, which caused the tenant to vacate before the end of a month, was no defense to an action to recover for rent in arrear, including the month in which the tenant moved out.

2. SAME.
   Laws 1860, c. 345, providing that a tenant is not liable for rent after a building has become untenantable for any cause without his fault, does not apply where the defect existed when the lease was made, and no fraud or misrepresentation by the landlord is shown, or when the defect resulted from the tenant's neglect to make ordinary repairs, or from deterioration due to ordinary use by the tenant.

3. SAME—APPEAL—REVERSAL—NEW TRIAL.
   A new trial will not be denied on reversal, though it is improbable that the defeated party will be able to make a better case on retrial.

Appeal from municipal court of borough of Manhattan.

Action by Alice D. Sherman against John J. Ludin. From a judgment of the municipal court in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John W. Magee, for appellant.

Joseph G. Matthews, for respondent.

WOODWARD, J. The defendant in this action rented certain premises of the plaintiff at an agreed rental of $14 per month. The defendant had been in possession of the premises for about two years, and on leaving the same was in default for rent for two months. This action was brought to recover the two months' rent. The defendant, who vacated the premises in the middle of April, made a tender of $21, this being the agreed rental for one month and a half, and this the plaintiff declined to accept, and brought her action for the full two months. It was claimed on the part of the defendant that he was obliged to vacate the premises on account of their unsanitary condition, but, as he had occupied the same for a period of two years, and there was no agreement on the part of the plaintiff to keep the premises in repair, we are of opinion that this did not constitute a defense to the claim of the plaintiff for the rent for the full period of two months, the contract being based not upon fractions, but upon the month in advance. The rule has long been recognized in this state that the lessee of real property must run the risk of its condition, unless he has an express agreement on the part of the lessor in relation thereto (Franklin v. Brown, 118 N. Y. 110, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744), and we find nothing in this case to take it out of the operation of this general rule. Chapter 345 of the Laws of 1860 does not apply to a case where the defect existed when the lease was made, and no fraud or misrepresentation is shown on the part of the landlord, or when it results from the neglect of the tenant to make ordinary repairs, or from deterioration due to the ordinary use of the tenant. Meserole v. Hoyt, 161 N. Y. 59, 62, 55 N. E. 274, and authorities there cited. There is no evidence here that the defect in the premises did not exist at all times during the tenancy of two years, or that there was any fraud, or that the deterioration was not due to the neglect of the tenant. While it seems improbable that the defendant will be able to make a better defense upon a new trial, the extreme caution demanded of appellate courts in the granting of final judgments makes it improper that we should refuse a new trial in reversing this judgment. New v. Village of New Rochelle, 158 N. Y. 41, 43, 52 N. E. 647, and authorities there cited.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.