H. VAN RENSSELAER KENNEDY, Appellant, v. THE MINEOLA, HEMPSTEAD AND FREEPORT TRACTION COMPANY, Respondent.

1. RAILROADS — ACTION AGAINST STREET RAILROAD COMPANY BY ABUTTING OWNER, CLAIMING TO OWN TO CENTER OF STREET — WHEN DETERMINATION OF TRIAL COURT UPON QUESTION OF TITLE WILL NOT BE REVIEWED. Where the question at issue in an action for trespass brought by an abutting owner against a street railway corporation is whether the plaintiff had title in fee to the strip of land lying in front of his premises between the center of the highway and the boundary thereof and the determination of the trial court has been unanimously affirmed by the Appellate Division, the question of title cannot be examined or reviewed by the Court of Appeals upon the ground that the only question involved is the construction of the conveyances under which the plaintiff claims, where they were introduced in evidence for the purpose of establishing title and no question of law as to their pertinence or effect was raised by an exception to their admission in evidence.

2. SAME — WHEN PROOF THAT RAILROAD COMPANY HAS FAILED TO COMPLY WITH STATUTORY REQUIREMENTS IS INADMISSIBLE IN SUCH ACTION. In such an action evidence tending to show that the company had not complied with the statutory requirements necessary to enable it to build the railroad is not admissible when there is no allegation in the complaint that the organization of the company was incomplete or that it had not complied with the requirements of the statute.

· 3. Same — When Plaintiff in Such Action, Having Failed to Establish Title to Street, Cannot Maintain the Action as a Mere Abutter. Where the plaintiff in such action has failed to establish his title to the street, he is not entitled, as a mere abutter, to an injunction against the railroad company for having built the railroad in violation of law, when such cause of action is not set up in the complaint and the action was based upon the claim that he owned the fee to the street and that the trespass was against his rights as such owner.

4. Damages — Erroneous Admission of Evidence on Question of Damages — When Error Is Harmless. Where improper evidence on the question of damages has been admitted on the part of defendant to contradict the same kind of proof on the part of plaintiff, and the court has properly held that the plaintiff was not entitled to recover, the evidence is harmless and its erroneous admission is not a valid reason for disturbing the judgment.

*Kennedy* v. *Mineola, H. & F. Traction Co.*, 77 App. Div. 484, affirmed.

(Argued May 12, 1904; decided May 31, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 19, 1902, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James W. Treadwell* and *Fred Ingraham* for appellant. The question whether plaintiff owns to the center of the highway is open for review upon this appeal. (*Muldoon* v. *Devine*, 135 N. Y. 150 ; *C. S. R. R. Co.* v. *T. T. S. R. R. Co.*, 149 N. Y. 51 ; *Health Dept.* v. *Dassori*, 159 N. Y. 245 ; *Rogers* v. *Clement*, 162 N. Y. 422.) Plaintiff owns in fee to the center of the highway. (*Coleman* v. *M. B. Imp. Co.*, 94 N. Y. 229 ; *Matter of Ladue*, 118 N. Y. 213 ; *Holloway* v. *Southmayd*, 139 N. Y. 390 ; *Blackman* v. *Striker*, 142 N. Y. 555 ; *Sherman* v. *McKeon*, 38 N. Y. 266 ; *Mott* v. *Mott*, 68 N. Y. 246 ; *Jackson* v. *Hudson*, 3 Johns. 375 ; *Patten* v. *Stitt*, 6 Robt. 431 ; 3 Washb. on Real Prop. [5th ed.] 422 ; *Donohue* v. *Case*, 61 N. Y. 631.) The trial court erred in refusing to admit proof that defend-

ant had not complied with legislative requirements. (*R. R. Co.* v. *Robinson*, 133 N. Y. 242; *Brown* v. *Champlain*, 66 N. Y. 214; *Spies* v. *Monroe*, 35 App. Div. 527; *Coatsworth* v. *L. V. R. R. Co.*, 156 N. Y. 451; *S. El. Co.* v. *Town of Hempstead*, 38 App. Div. 355; *Town of Oyster Bay* v. *Harris*, 21 App. Div. 227; *Benton* v. *Wickwire*, 54 N. Y. 226; *People* v. *Coleman*, 121 N. Y. 542; *People* v. *Gilon*, 148 N. Y. 763; *People* v. *M. B. Ry. Co.*, 84 N. Y. 565.) As a mere abutter, even were the highway fee in the public, plaintiff is entitled to an injunction as against a railroad built in violation of law. (*Henning* v. *H. V. R. Co.*, 90 App. Div. 492; *Auchincloss* v. *M. E. R. Co.*, 69 App. Div. 63; *Roberts* v. *N. Y. El. R. R. Co.*, 128 N. Y. 455; *Hunter* v. *M. R. Co.*, 141 N. Y. 281; *Powers* v. *B. E. R. R. Co.*, 157 N. Y. 105.) The trial court erred in ruling on questions of evidence. (*Roberts* v. *N. Y. E. R. R. Co.*, 128 N. Y. 455; *Hunter* v. *M. R. Co.*, 141 N. Y. 281.)

*James A. MacElhinny* for respondent. The question whether plaintiff owns to the center of the highway is not open for review upon this appeal. (*Roberts* v. *Strasburger*, 11 Wkly. Dig. 373; *E. S. T. F. Co.* v. *Grant*, 114 N. Y. 40; *City of Niagara* v. *N. Y. C. & H. R. R. R. Co.*, 168 N. Y. 611.) Appellant does not own the fee in the highway opposite his property. (*K. C. F. Ins. Co.* v. *Stevens*, 87 N. Y. 387; *Price* v. *Brown*, 101 N. Y. 669; *Greenleaf* v. *B. F. C. R. Co.*, 141 N. Y. 395; *Mission* v. *Cronin*, 143 N. Y. 527; Gerard on Titles, 511; *Bunett* v. *Wadsworth*, 57 N. Y. 634; *Ousby* v. *Jones*, 73 N. Y. 621; *Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 181; *Dexter* v. *R. O. Mills*, 39 N. Y. S. R. 935; *Marrison* v. *N. Y. El. R. R. Co.*, 74 Hun, 398; *Mott* v. *Clayton*, 9 App. Div. 181.) Plaintiff's cause of action as set forth in his complaint was defendant's alleged trespass on his property. The court, therefore, properly refused to admit evidence of alleged failure to comply with certain statutory requirements, which would constitute a new and distinct cause of action. (*Fisher* v. *C. O. L. Ins. Co.*, 67 How. Pr.

191; *McHenry* v. *Jewett,* 90 N. Y. 58; *Southwick* v. *F. Nat. Bank,* 84 N. Y. 420; *Hall* v. *U. S. R. Co.,* 30 Hun, 375; *Benedict* v. *S. W. Ry. Co.,* 51 Hun, 111; *Wheeler* v. *Anthony,* 10 Wend. 346.) The court did not err in the admission of evidence objected to by plaintiff. (*Roberts* v. *N. Y. E. R. R. Co.,* 128 N. Y. 455; *Hunter* v. *M. R. Co.,* 114 N. Y. 281.)

MARTIN, J. Practically the only question in this case relates to the title to the land upon which the alleged trespass was committed. It is alleged in the complaint that the plaintiff is the owner in fee of certain property situated upon the east side of Greenwich street, describing it, and is the owner in fee of all the reversionary rights in and to so much of the street named as lies easterly of the center thereof, subject only to use by the public in passing over the same. This allegation is put in direct issue by the answer of the defendant, who also denies the allegation of the plaintiff to the effect that he was in possession of the premises.

This case was tried before the court without a jury, and upon this question it found that the plaintiff was not the owner in fee of that part of the highway known as Freeport road or Greenwich street which lies easterly of the center line of said highway in front of the property owned by the plaintiff and described in the complaint. Thus we have a direct finding of fact that the plaintiff is not the owner in fee of the land upon which this trespass was committed. Upon the findings made by the trial court a judgment was entered in favor of the defendant, which was unanimously affirmed by the Appellate Division. Thus the question whether there was any evidence, or whether the evidence was sufficient to sustain the finding of fact that the plaintiff was not the owner of the premises in question, cannot be reviewed by this court, as we have repeatedly held that where there was a unanimous decision by the Appellate Division upon a question of fact, the sufficiency of the evidence to sustain the judgment does not present a question of law reviewable by this court.

(*Szuchy* v. *Hillside Coal & Iron Co.*, 150 N. Y. 219; *Amherst College* v. *Ritch*, 151 N. Y. 282, 321; *People ex rel. Manhattan R. Co.* v. *Barker*, 152 N. Y. 417; *People ex rel. Broadway Improvement Co.* v. *Barker*, 155 N. Y. 322; *Marden* v. *Dorthy*, 160 N. Y. 39; *Reed* v. *McCord*, 160 N. Y. 330; *Lewis* v. *Long Island R. R. Co.*, 162 N. Y. 52; *Meserole* v. *Hoyt*, 161 N. Y. 59; *Cronin* v. *Lord*, 161 N. Y. 90; *Hilton* v. *Ernst*, 161 N. Y. 226; *Hutton* v. *Smith*, 175 N. Y. 375.)

The appellant, however, contends that as that question was dependent for its solution upon the construction of the conveyances under which he claims, and as they were unambiguous, no question of fact was presented, and hence the decisions referred to have no application. While this court held in *Matter of Green* (153 N. Y. 223) that where there was no question of fact in controversy, and the only question involved was the construction of a deed and statute, a question of law only was presented and the provisions of the Constitution and statute have no application, still it is obvious that that decision has no bearing in this case, as here the question was whether the plaintiff had the title in fee to the strip of land lying in front of his premises between the center of the highway and the easterly or northerly boundary thereof, which clearly was a question of fact. Although the plaintiff's title was, to a degree, dependent upon the conveyances which were introduced in evidence, yet their introduction was for the purpose of establishing a fact which was essential to his recovery. If they did not tend to establish or defeat his claim of ownership, that question might have been raised by an exception to the admission of the evidence, which would have presented a question of law. But as we have held that a unanimous affirmance prevents our examining the evidence to determine its sufficiency to sustain the verdict or finding (*Amherst College* v. *Ritch*, 151 N. Y. 282, 321), this court cannot review the question of title, as the finding was directly against the plaintiff, and the sufficiency of the evidence to sustain it cannot be raised in this court. That is a question of law that by consti-

tutional provision we are prohibited from reviewing. (*Meserole* v. *Hoyt*, 161 N. Y. 59.) Hence, so far as the question of title is concerned, it cannot be examined or reviewed by us.

But if this were not so, it seems quite clear that the court below has properly considered and construed the deeds introduced, and that its conclusion that the plaintiff obtained no title to the land to the center of the street is clearly established. The deed from the Duryeas to the plaintiff describes the property as beginning on the northeasterly side of the street in question at a point intersecting the land of Tompkins; then it describes the line by metes and bounds until it reaches the northeasterly side of the street, and is then described as running thence along the street by metes and bounds to the place of beginning.

To that description this clause was added: "Together with all the rights of the grantor in and to the said street." That clause is explained by the fact that the street had formerly been owned by a turnpike company, it had been abandoned, and it was to convey the right, if they possessed any, which the Duryeas had in the street thus abandoned. There was, however, no proof in the case to show any abandonment, or that any portion of it reverted to the plaintiff's grantors, or that they had any title therein. On the contrary, it seems that upon the abandonment of a turnpike or plank road, the title to the land over which it runs reverts to the town and not to the individuals owning abutting property. (Laws 1854, ch. 87, § 1; Transportation Corporations Law, § 139; *Heath* v. *Barmore*, 50 N. Y. 302; *Tifft* v. *City of Buffalo*, 82 N. Y. 204.)

Again, when we consider the title of the Duryeas, the plaintiff's grantors, we find that it was conveyed by two deeds which were made respectively in 1873 and 1874, the former by one Morrell and the latter by one Tompkins. In the Morrell deed the land is described as lying on the easterly side of such highway, and was bounded westerly by it. But a further, more definite and, as we think, a substituted description was made according to a then recent survey of the prem-

ises by one Matthews, in which the Morrell piece of land was described as beginning at the southwesterly corner thereof on the *easterly side* of the highway at a locust stake driven in the ground, and running thence along said highway by certain courses and distances. The Tompkins piece was described as lying on the *northerly side* of said road, beginning at a locust stake, and running along the northerly side thereof by certain courses and distances.. It should be said in passing that the highway runs in a northwesterly direction, and the side lying next the plaintiff's land is sometimes designated as the easterly side of the highway and at others as the northerly.

In addition to these deeds, maps made by a surveyor who had surveyed the premises were introduced in evidence and there was some oral testimony, all of which tended to show that the locust post, or the place of beginning as described in the various deeds, was situated upon the north or easterly side of the highway in question. Moreover, the respondent asserts and the appellant does not deny that the quantity of land mentioned in the conveyances was obtained by a survey which included only the land that lay outside of the highway and none which was used as a part of the street, which tended to show that the intent of the parties was to bound the plaintiff's land by the side of the highway and that it should not extend to the center thereof. · (*Higinbotham* v. *Stoddard,* 72 N. Y. 94.) So that all the testimony introduced, either written or oral, tended to show that the premises of the plaintiff were bounded on the westerly side by the easterly or northerly side of the highway and not by the center thereof. Upon this evidence, as we have already seen, the court found that the plaintiff was not the owner in fee of that part of the highway lying easterly of the center line in front of the property owned by him, and the action being founded upon an alleged trespass, the complaint was dismissed upon the' merits. The conclusion reached by the trial court and the Appellate Division as well seems to be fully sustained by *Kings County Fire Ins. Co.* v. *Stevens* (87 N. Y. 287); *White's Bank of Buffalo* v. *Nichols* (64 N. Y. 65); *Deering* v. *Reilly*

(167 N. Y. 184, 193), and *Jackson* v. *Hathaway* (15 Johns. 447).

It is also contended by the appellant that the trial court erred in refusing to admit proof that the defendant had not complied with the legislative requirements necessary to enable it to build its road upon the street. The answer to this contention is that the whole theory of the complaint is based upon the idea that the plaintiff was the owner in fee of the land lying in that portion of the street over which the railroad passed, and, hence, that the act of the railroad company in entering upon the premises and building its road without first condemning the plaintiff's right therein, was a trespass for which he was entitled to recover; that it was continuous, and that he was entitled to an injunction restraining the defendant from continuing the same. There is no allegation in the complaint, and obviously no claim was made by the plaintiff when the action was commenced, that the organization of the defendant was incomplete, or as to its not having complied with the requirements of the statute necessary to enable it to build its road along such street. Those facts not having been made a part of the cause of action alleged, we think the court properly refused to enter upon the trial of a question which was not at issue.

The appellant also contends that as a mere abutter, conceding the title to the fee in the highway not to be in him, he was entitled to an injunction as against a railroad built in violation of the law. A sufficient answer to this seems to be that no such cause of action was set up or claimed by the plaintiff in his complaint. All he claimed was that he owned the fee in the street, and that the trespass was to his rights as such owner. That he cannot recover upon any such theory as he now asserts seems to be firmly established by this court in the cases of *Fobes* v. *Rome, W. & O. R. R. Co.* (121 N. Y. 505); *Conabeer* v. *N. Y. C. & H. R. R. R. Co.* (156 N. Y. 474), and *Fries* v. *N. Y. & H. R. R. Co.* (169 N. Y. 270, 279).

Another claim made by the appellant is that the court erred

in admitting the evidence of the witness Hegeman as to the future effect of this railroad upon the plaintiff's property. This he claims was immaterial and incompetent. But the answer, even conceding the evidence was improper, is that it was to contradict the same kind of proof upon the part of the plaintiff, related only to the question of damages, and inasmuch as the court properly held that the plaintiff was not entitled to recover, the evidence did no harm, and is no valid reason for disturbing the judgment. The plaintiff has three other exceptions which relate to the same subject, as to all of which the answer suggested is applicable.

The judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur.

Judgment affirmed.