### FLOYD–JONES v. SCHAAN.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

LANDLORD AND TENANT (§ 187*) — RIGHT TO SURRENDER — INTERFERENCE WITH ENJOYMENT OF PREMISES.

    Real Property Law (Laws 1896, p. 589, c. 547) § 197, permitting the tenant to surrender without further liability for rent, where a leased building is without fault of the lessee destroyed or so impaired, by the elements or any other cause, as to be untenantable and unfit for occupancy, contemplates a physical destruction of or injury to the building or something in it, for which the landlord is responsible or over which he has control, and does not apply to noise and vibrations of a neighboring electric plant, with which the landlord has no connection.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 770; Dec. Dig. § 187.*]

    Scott and Laughlin, JJ., dissenting.

Appeal from Appellate Term.

Action by Edward F. Floyd-Jones against Esther Schaan. From a determination of the Appellate Term (109 N. Y. Supp. 362), reversing a judgment of the Municipal Court of the City of New York for defendant, and directing a new trial, defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Arleigh Pelham, for appellant.

Louis W. Stetesbury, for respondent.

McLAUGHLIN, J. Defendant leased from plaintiff, for a period of one year, an apartment in the city of New York. The rent was payable monthly in advance. During the term of the lease the defendant vacated the premises, and this action was brought to recover for three months' rent. Payment was resisted upon the ground that without any fault or neglect on the part of the defendant the apartment leased became untenantable and unfit for occupation within the meaning of the statute. Section 197, c. 547, p. 589, Laws 1896. The action was brought in the Municipal Court, where the defendant had a verdict of "No cause of action," and from the judgment entered thereon an appeal was taken to the Appellate Term, where the same was reversed, one of the justices dissenting, and by permission an appeal was then taken to this court.

The defendant vacated the premises leased on account of the noise and vibration caused by the operation of an electric light and power plant upon premises adjoining. She herself describes the trouble as follows:

"I lived on the fifth floor of the apartment house where this power house was next door, and it was not as large when I moved in as it was after I was there a while. They built an addition, and the noise became more and more; but still it was so that I could bear it and stay there, because they would allow you to rest when they let up at night. And then I moved downstairs, thinking I could escape it, and after I moved down there they moved in two very large dynamos, drawn by six horses at a time, and the noise became unbearable. The vibration was so much that it made the dishes rattle and shake and caused a vase to fall to the floor."

In every other respect the premises were satisfactory, and it is conceded that the plaintiff had no connection whatever with the electric light and power company and was not in any way responsible for its operation. Under these facts I do not think the case is brought within the meaning of the statute, which provides that:

"Where any building, which is leased or occupied, is destroyed or so injured by the elements, or any other cause as to be untenantable, and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the leasehold premises, and of the land so leased or occupied; and he is not liable to pay to the lessor or owner, rent for the time subsequent to the surrender."

The statute clearly contemplates a physical destruction of or injury to the building itself, or something within the building, for which the landlord is responsible, or over which he has control. Majestic Hotel Co. v. Eyre, 53 App. Div. 273, 65 N. Y. Supp. 745. The occasion for its passage was to relieve tenants from the payment of rent where the premises were physically destroyed by the action of the elements. Suydam v. Jackson, 54 N. Y. 450. And while it is true that the original purpose has been somewhat extended by the words "or any other cause," nevertheless there still must be, in order to bring a case with-

in the statute, some physical destruction of the building or some defect in it by which it is rendered uninhabitable. Tallman v. Murphy, 120 N. Y. 345, 24 N. E. 716; Meserole v. Sinn, 34 App. Div. 33, 53 N. Y. Supp. 1072, affirmed 161 N. Y. 59, 55 N. E. 274.

Here the cause of the defendant's complaint did not originate upon the premises. It was not under the control of the lessor, or due to any act of his, but was due to the wrongful act of a third party. This did not justify the defendant in vacating the premises, or in refusing to pay the rent stipulated, any more than would noise and vibration caused by reason of the operation of a street railroad, or smoke or noxious odors from an adjoining factory. Edwards v. McLean, 122 N. Y. 302, 25 N. E. 483; Franklin v. Brown, 118 N. Y. 110, 23 N. E. 126, 6 L. R. A. 770, 16 Am. St. Rep. 744. A lease of real property would amount to very little if a tenant, during the life of the lease, were at liberty to abrogate it because of an interference with his possession by a stranger to the lease, and which interference the tenant himself could prevent, as well as the landlord.

For these reasons, we think that the determination of the Appellate Term should be affirmed, with costs.

PATTERSON, P. J., and HOUGHTON, J., concur.

SCOTT, J. (dissenting). The defendant appeals from a determination of the Appellate Term reversing a judgment of the Municipal Court. The action is for rent of an apartment in an apartment house in the city of New York. The defense relied upon is that without any fault or neglect on the part of the defendant the apartment demised to her by the plaintiff became untenantable and unfit for occupation, within the meaning of section 197, c. 547, p. 589, of the Laws of 1896 (the real property law), and that on or about the 20th day of May, 1907, and before the commencement of the period for which the rent demanded in the complaint became due, and before the same accrued, the plaintiff was obliged to and did quit and surrender the possession of the premises to the plaintiff. The action is for rent for the months of June, July, August, and September, 1907. The defendant entered into occupation of the premises, under a written lease, on or about October 1, 1906. In January, 1907, a power plant upon adjoining property was greatly enlarged, and additional machinery was installed therein. The result was to produce so much and such incessant noise and such vibration of the apartment house that the ceilings cracked, the shaking was continuous, and the tenants found great difficulty in sleeping. The defendant quit the premises in May, 1907, and undertook to surrender her lease and possession. The jury found that in consequence of the nuisance thus created the premises became untenantable and unfit for occupation, and we cannot say that the verdict is unsupported by the evidence, especially as it accords with the sworn statements made by the landlord and his agent in an action brought by the landlord against the creator of a nuisance.

Assuming that by reason of the great and unceasing noise and vibration the premises did in fact become untenantable and unfit for oc-

cupancy, it remains to be considered whether the statute upon which defendant relies constitutes a defense. That statute, which is substantially a re-enactment of the first section of chapter 345 of the Laws of 1860, reads as follows:

"Where any building which is leased or occupied, is destroyed or so injured by the elements or any other cause as to be untenantable or unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the leasehold premises, and of the land so leased and occupied; and he is not liable to pay to the lessor or owner, rent for the time subsequent to the surrender."

When this statute, or rather the earlier one from which it was copied, first came before the courts, there was a disposition to construe it with great strictness in favor of the landlord, and it was said to apply only to the case of "a sudden and total destruction by the elements, acting with unusual power, or by human agency," or to "a case of injury to the premises, short of a total destruction, occasioned in the same way." The later cases, however, recognized that the statute was intended to have a wider application, and that more force should be given to the words "or any other cause," so that even a gradual deterioration, which produces results rendering the premises uninhabitable, can be availed of to defeat a recovery for the rent. Tallman v. Murphy, 120 N. Y. 345, 24 N. E. 716; Meserole v. Sinn, 34 App. Div. 33, 53 N. Y. Supp. 1072, affirmed sub nom. Meserole v. Hoyt, 161 N. Y. 59, 55 N. E. 274. It is not necessary that there shall be a total destruction of the demised premises, or that they shall be rendered physically unsafe, or even that they shall be so injured that it is a physical impossibility to inhabit them. All that the statute requires is that the injury shall be of a physical nature, and that the premises are thereby rendered untenantable and unfit for occupancy, and whether or not they have been so rendered is a question of fact for the jury. Meserole v. Hoyt, supra; May v. Gillis, 169 N. Y. 330, 62 N. E. 385.

In Tallman v. Murphy the conditions produced by the defects in the building were similar to those proven in the present case, and were held to have justified the tenant in surrendering his lease, although other tenants in the building had found it possible to remain in possession. In Meserole v. Sinn the defect which was held to have rendered the premises untenantable was dampness, resulting from water which flowed into the cellar through defective walls and foundation, although the living rooms themselves were not physically affected. We find no warrant in the statute for limiting its application to cases of untenantability arising from some defect originating upon the demised premises, and we are referred to no case so limiting it. The words of the statute are to the contrary.

The determination of the Appellate Term should be reversed, and the judgment of the Municipal Court affirmed, with costs to the appellant in this court and the Appellate Term.

LAUGHLIN, J., concurs.