WILLIAM KISSAM, Appellant, *v.* UNITED STATES PRINTING COMPANY OF OHIO et al., Respondents.

WILLIAM F. MILLS et al., Appellants, *v.* UNITED STATES PRINTING COMPANY OF OHIO et al., Respondents.

Appeal — unanimous affirmance — action to restrain corporation and labor union from carrying out provisions of contract that corporation should employ none but union men.

A unanimous affirmance by the Appellate Division of a judgment entered at Special Term limits the Court of Appeals to an examination of the correctness of the legal conclusions upon the facts found by the trial court. This court is bound to assume that the facts found are supported by the evidence, and if the legal conclusions are sustained by these findings the judgment must be affirmed.

In actions brought by stockholders and employees of a printing company to restrain the company and certain labor unions from carrying out an agreement whereby the printing company agreed to employ none but members of the unions in question and to discharge all employees in certain departments who should refuse to become members of said unions, the trial court found that the execution of such agreement between the company and the labor unions resulted in great financial benefit to the former, and disposed of the differences between the parties; that the agreement was not entered into for the purpose of gratifying malice against the non-union employees of the printing company or of inflicting injury upon them; that it was not the object of the defendants to compel the plaintiffs to join the unions; that no pressure so imperative as to amount to compulsion was exerted upon the company with regard to the discharge of the plaintiffs from their employment, and that there was no conspiracy to compel the plaintiffs to join the unions or solely to injure them in their employment. *Held,* that these findings of fact sustain the legal conclusions of the trial court that the agreement was in all respects lawful; that it was not entered into under duress; that no unlawful act had been committed by the defendants, and that the complaint should be dismissed.

*Kissam* v. *U. S. Printing Co.*, 128 App. Div. 889, affirmed.
*Mills* v. *U. S. Printing Co.*, 128 App. Div. 890, affirmed.

Argued May 12, 1910; decided June 7, 1910.)

APPEAL in each of the above-entitled actions from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 14, 1908, affirm-

ing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the actions and the facts, so far as material, are stated in the opinion.

*George W. Wingate* for appellants.

*Alfred Steckler* and *Levin L. Brown* for respondents.    The findings of fact having been unanimously affirmed by the Appellate Division, cannot be questioned by the Court of Appeals as against the evidence or without evidence.    (Const. of N. Y. art. 6, § 9; Code Civ. Pro. § 191, subd. 4; *Marden* v. *Dorthy*, 160 N. Y. 39; *Hilton* v. *Ernst*, 161 N. Y. 226; *Krekeler* v. *Aulbach*, 169 N. Y. 372; *City of Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.*, 168 N. Y. 610; *McManus* v. *McManus*, 179 N. Y. 341; *Cons. El. Storage Co.* v. *Atlantic Trust Co.*, 161 N. Y. 610; *Lawrence* v. *Congregational Church*, 164 N. Y. 155; *Meserole* v. *Hoyt*, 161 N. Y. 59; *Cronin* v. *Lord*, 161 N. Y. 90.)

Werner, J.    In the first of these actions the plaintiff is a stockholder and employee of the defendant United States Printing Company, and in the second the plaintiffs are employees of that corporation, but not stockholders.    In all other respects the actions are identical, and they are based upon voluminous complaints which charge the defendants with conspiring and confederating to compel the defendant United States Printing Company to enter into an agreement with the several labor unions named as defendants to the effect that from and after January 1, 1904, the said printing company would employ none but members of the several stereotypers unions therein referred to, and would discharge all employees in its stereotypers' department who should refuse to avail themselves of the opportunity to become members of said unions.    The various acts and proceedings by which this agreement was brought about are set forth in great detail, with appropriate allegations of their illegality,

and these are supplemented by the assertion that the agreement is void because induced by coercion. The complaints are further amplified by allegations that the agreement, thus unlawfully entered into with reference to the stereotypers' department of the United States Printing Company, is to be followed by similar agreements designed to control the action of that corporation in the conduct of all its other departments; that the effect of such action will be to cause the discharge of the plaintiffs and many others similarly situated and to prevent them from obtaining employment elsewhere; that owing to the peculiar and far-reaching methods employed by the labor unions referred to, and the fact that they are unincorporated bodies or associations composed of many hundreds of members, the plaintiffs have no adequate remedy at law, and will have no remedy at all unless the agreement between the United States Printing Company and these unions is declared void, and the defendants are restrained and enjoined from carrying out its provisions.

A preliminary injunction was issued, the specific provisions of which need not be recited, and that was subsequently modified in certain particulars. Thus the record stood when the case was brought to trial. Much evidence was introduced and some of it bears most cogently upon questions which lie at the very foundations of the relations between employer and employee, not merely as individuals but as organized bodies whose purpose it is to induce or exact rights and privileges which must interfere, more or less, with individual freedom of action. If these questions were open for consideration by this court they would be interesting and perplexing, for they involve legal and sociological problems of the highest importance. But they are not open to us. The unanimous affirmance by the Appellate Division of the judgment entered at Special Term limits our investigation to the correctness of the legal conclusions upon the facts found by the trial court. We are bound to assume that the facts found are supported by the evidence, and if the legal conclusions are sustained by these findings the judgment must be affirmed.

The learned trial court found that the execution of the agreement between the United States Printing Company and the several labor unions resulted in great financial benefit to the former, and disposed of the differences between the parties; that the agreement was not entered into for the purpose of gratifying malice against the non-union employees of the printing company or of inflicting injury upon them; that it was not the object of the defendants to compel the plaintiffs to join the unions; that no pressure, so imperative as to amount to compulsion, was exerted upon the printing company with regard to the discharge of the plaintiffs from their employment, and that there was no conspiracy to compel the plaintiffs to join the unions or solely to injure them in their employment.

Upon these findings of fact the learned trial court based the legal conclusions that the agreement was in all respects lawful; that it was not entered into under duress; that no unlawful act has been committed by the defendants, and that the complaint should be dismissed. These conclusions are in accordance with the decisions of this court arising out of similar or analogous conditions (*National Protective Association* v. *Cumming,* 170 N. Y. 315; *Jacobs* v. *Cohen,* 183 id. 207; *People* v. *Marcus,* 185 id. 257), and the judgments in both actions must, therefore, be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgments affirmed.