CULLEN, Ch. J., HAIGHT, VANN, CHASE and COLLIN, JJ., concur; HISCOCK, J., concurs in result.

Judgment of conviction affirmed.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN T. STEPHENSON, Appellant, *v.* THEODORE A. BINGHAM, as Commissioner of Police of the City of New York, Respondent.

Certiorari — New York (city of) — what is implied by order of Appellate Division unanimously affirming proceedings dismissing relator from the police force of New York city.

1. An order of the Appellate Division dismissing a writ of certiorari and unanimously affirming the proceedings before a police commissioner dismissing a policeman from the department necessarily includes a decision that there was evidence supporting, or tending to sustain, the finding of the commissioner that the relator was guilty of the charges made against him.

2. Whether there was evidence to support or tending to sustain such finding is a question of law, but it is one that cannot be reviewed in this court, because of the constitutional provision as to the effect of a unanimous decision of the Appellate Division.

*People ex rel. Stephenson* v. *Bingham*, 132 App. Div. 345, affirmed.

(Argued March 18, 1912; decided April 2, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 21, 1909, which dismissed a writ of certiorari and affirmed the proceedings of the defendant in dismissing the relator from the office of captain in the police department of the city of New York.

*D-Cady Herrick* and *Louis O. Van Doren* for appellant. The decision of the Appellate Division, although unanimous, is reviewable here. (*People ex rel.* v. *Green,* 179 N. Y. 195; *S. Nat. Bank* v. *Weston,* 172 N. Y. 250; *Clancy* v. *N. Y. & H. R. R. Co.,* 201 N. Y. 235; *Otten* v. *M. R. R. Co.,* 150 N. Y. 395; *Edson* v. *Barto,* 154 N Y. 217; *Birdsall* v. *Russell,* 29 N. Y. 220; *Claflin* v. *Lenheim,* 66 N. Y. 301; *Matter of Totten,* 179 N. Y. 112; *Kelly* v. *Burrows,* 102 N. Y. 93; *Hull* v. *Littauer,* 162 N. Y. 569.)

*Archibald R. Watson, Corporation . Counsel (Terence Farley* of counsel), for respondent.

CHASE, J. If the allegations contained in the charges against the relator are true, the finding of the police commissioner was justified.

The order of the Appellate Division dismissing the writ of certiorari and unanimously affirming the proceedings before the commissioner necessarily included a decision that there was evidence supporting, or tending to sustain, the finding of the commissioner that the relator is guilty of the charges made against him.

Whether there was evidence to support or tending to sustain such finding is a question of law (*Marden* v. *Dorthy,* 160 N. Y. 39; *Meserole* v. *Hoyt,* 161 N. Y. 59;

*Kraus* v. *Birnbaum*, 200 N. Y. 130; *Clancy* v. *N. Y., N. H. & H. R. R. Co.*, 201 N. Y. 235; *Dupont* v. *Village of Port Chester*, 204 N. Y. 351), but it is one that cannot be reviewed in this court, because the Constitution provides that "No unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting or tending to sustain a finding of fact or a verdict not directed by the court, shall be reviewed by the Court of Appeals." (Const. art. 6, sec. 9; *Szuchy* v. *Hillside Coal & Iron Co.*, 150 N. Y. 219; *Amherst College* v. *Ritch*, 151 N. Y. 282, 320; *Marden* v. *Dorthy, supra; Meserole* v. *Hoyt, supra; Dupont* v. *Village of Port Chester, supra; Kissam* v. *U. S. Printing Co.*, 199 N. Y. 76.)

The relator calls our attention to the case of *People ex rel. Sesselman* v. *Bingham* (189 N. Y. 104), in which case it appears from the original record on file in this court that there had been a unanimous affirmance of the decision of the police commissioner by the Appellate Division, and he urges that it is a precedent for our considering the facts in this case. In that case the charge against the relator was based upon a letter written by him to a board of associated engineers, and such letter was included in and made the only basis for the charge against the relator. This court held, as stated in the opinion, that "The written charge, upon which the relator was tried and removed from office, was insufficient to justify any proceedings against him." (p. 107.)

That case is not a precedent for a review of the facts in any case of unanimous affirmance by the Appellate Division. Neither could a precedent prevail against the express provisons of the Constitution. There being no error of law in this case that we can review, the order of the Appellate Division should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Order affirmed.